# U.S. DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| GREGORY DEWAYNE TENNYSON | § § § | |
| Plaintiff | § § | |
| vs. | § § | CA: 6:16-CV-01206-RC-KNM |
| BRYCE HATTON, CLAYTON TAYLOR, and SMITH COUNTY SHERIFF DEPARTMENT | § § § § | |
| Defendants | § § | |

## DEFENDANT BRYCE HATTON'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Bryce Hatton ("Hatton" or "Defendant"), and files this his Answer and Affirmative Defenses to Plaintiff's General Complaint (" Complaint" ) [Dkt. 1]. In support, Defendant would respectfully show the Court as follows:

## I.
## ANSWER

**I.**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph I of Plaintiff's Complaint.

**II.**

Defendant is not aware of any other lawsuits filed against him dealing with the same facts allegedly involved in this action or any other alleged incidents. Defendant is without knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph II of Plaintiff's Complaint.

**III.**

Defendant admits that Plaintiff sues the listed Defendants, but denies any liability to the Plaintiff. Defendant admits that he is a sergeant with the Smith County Sheriff's Department. Defendant denies that his or the Sheriff Department's mailing address is 104 S. Spring Ave., but admits that the Sheriff's Department is in Tyler, Texas. Defendant admits that Defendants may be contacted through their attorneys of record listed below. Defendant is without knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph III of Plaintiff's Complaint.

**IV.**

Defendant admits that Plaintiff was arrested on October 25, 2015. Defendant denies that he assaulted Plaintiff, denies that he, in any other way, unlawfully harmed Plaintiff or violated any of Plaintiff's rights, and denies all remaining allegations contained in paragraph IV of Plaintiff's Complaint.

**V.**

Defendant admits that Plaintiff seeks the relief listed, but denies that Plaintiff is entitled to this or any other relief. Defendant denies that he assaulted Plaintiff or committed an oppression of justice and denies the remainder of the allegations contained in paragraph V of Plaintiff's Complaint.

**Attachment to Complaint**

Defendant Hatton's Answer                                                                                                          Page 2
(28762/565472/jdh)

Defendant understands that the full extent of Plaintiff's Complaint is contained in Docket No. 1, pages 1 – 5, and that the letter to "Mr. O'Toole" (p.6), Civil Cover Sheet (p.7), and copy envelope (p.8), which are not referenced within, or incorporated by, Plaintiff's Complaint, are not part of Plaintiff's Complaint. Defendant therefore contends that he is not required to respond to the attachments, including the letter to "Mr. O'Toole." To the extent any other response is necessary, Defendant responds that he is without knowledge or information sufficient to form a belief as to the truth of the statements in the letter or other attachments to Plaintiff's Complaint, and therefore denies same.

## II.
## JURY DEMAND

Defendant requests a jury trial.

## III.
## AFFIRMATIVE DEFENSES

1. Defendant asserts and affirmatively pleads that Plaintiff has failed to state a claim upon which relief may be granted against any of the Defendants under any provision of the United States Constitution, including, but without limitation, under the Fourth and/or Fourteenth Amendments, under 42 U.S.C. § 1983, 42 U.S.C. § 1988, under the Texas Constitution, under state law, under the common law, or under any other statute or legal theory of any nature whatsoever.

2. Defendant asserts and affirmatively pleads that he is entitled to qualified immunity.

3. Defendant asserts and affirmatively pleads that at all relevant times, he acted with objective reasonableness, and in the good faith exercise and the good faith discharge of his official duties and discretion in the course and scope of his employment.

4. Defendant asserts and affirmatively pleads that Plaintiff has failed to exhaust his administrative remedies.

5. Defendant asserts and affirmatively pleads that he is entitled to official immunity.

6. Defendant asserts and affirmatively pleads that, to the extent alleged, any official capacity claims are subject to dismissal and barred by *Kentucky v. Graham*, 473 U.S. 159 (1985), as applied by *Turner v. Houma Municipal Fire and Police Civil Service Board*, 229 F. 3d 478, 483 (5$_{5th}$ Cir. 2000), and related legal authority.

7. Defendant asserts and affirmatively pleads that any alleged injuries and damages were caused in whole or in part by the unforeseeable, intervening, intentional, and/or negligent conduct of Plaintiff.

8. Defendant affirmatively pleads that any alleged injuries and damages were proximately caused in whole or in part by the contributory negligence, wrongful, intentional, reckless, and/or fault of Plaintiff and Plaintiff's own acts or omissions.

9. Defendant asserts and affirmatively pleads that Plaintiff is estopped from pursuing any claims or causes of action by virtue of his own wrongful, reckless, negligent, and/or intentional acts and omissions and unclean hands in regard to the alleged events at issue herein, including, but without limitation, by virtue of Plaintiff's own acts of assault, aggravated assault, and battery on police officers, acts of evading and resisting arrest, and acts and omissions in failing to comply with police officer instruction.

10. Defendant asserts and affirmatively pleads the defense of waiver.

11. Defendant asserts and affirmatively pleads that Plaintiff has failed to mitigate his damages, if any.

12. Defendant asserts and affirmatively pleads that Defendants are entitled to, and hereby asserts, any and all privileges, immunities, damage caps and limitations provided under Texas law which may apply herein, including, but not limited to, the limitations set forth in the Texas Civil Practice & Remedies Code.

13. Defendant asserts and affirmatively pleads that Plaintiff's claims for exemplary damages are legally deficient, barred by law, including by Section 101.024 of the Texas Tort Claims Act, unsupported by factual allegations, violate the due process clause of the United States Constitution and of the Texas Constitution, and/or violate the Texas Constitution's excessive fines clause.

14. Defendant asserts and affirmatively pleads that he should be dismissed from this suit pursuant to the election of remedies provision of Section 101.106 of the Texas Civil Practice and Remedies Code and hereby moves for such dismissal. Section Texas Tort Claims Act 101.106(f). Furthermore, Defendant employee "shall immediately be dismissed upon the filing of a motion by the governmental unit." Texas Tort Claims Act §101.106(e).

## IV.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff have and recover nothing of Defendant and that, on trial hereof, Defendant be discharged with his costs herein, and for such other and further relief, both at law and in equity, both general and special, to which he may show himself to be justly and equitably entitled.

.

Respectfully submitted,

*/s/ Thomas P. Brandt*
**THOMAS P. BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**JOHN D. HUSTED**
State Bar No.24059988
jhusted@fhmbk.com
**CAROLINE SILEO**
State Bar No. 24091651
csileo@fhmbk.com
**FANNING HARPER MARTINSON**

**BRANDT & KUTCHIN**
A Professional Corporation
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2018, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

>*/s/ Thomas P. Brandt*_____
>**THOMAS P. BRANDT**