IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREGORY TENNYSON | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1206 |
| BRYCE HATTON, ET AL. | § | |

ORDER

The Plaintiff Gregory Tennyson has filed two motions to produce documents, of which the first (docket no. 49) asks the Court to order the Smith County District Clerk's Office to produce the complete transcript of Tennyson's criminal trial, and the second (docket no. 51) asks the Court to order the Smith County District Attorney's Office to produce the discovery from Tennyson's criminal trial.

Neither the district clerk's office nor the district attorney's office are parties to the lawsuit. The Defendants Bryce Hatton, Clayton Taylor, and the Smith County Sheriff's Office have filed a motion to stay discovery and for a protective order. Since the filing of that motion, Tennyson has filed an amended complaint.

The Fifth Circuit has held that parties asserting the defense of qualified immunity are not immune from all discovery, but only that discovery which is avoidable or overly broad. *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). The discovery plan in effect for this case requires disclosure of all information relevant to the claims or defenses of any party, but provides that no further discovery (including interrogatories, requests for production, or requests for admission) will be allowed except upon order of the Court. This discovery plan is sufficient to protect the interests of the parties, and Tennyson has not obtained an order from the Court allowing further discovery. Although he has filed motions to produce documents, he has shown no basis for expanding discovery beyond the discovery plan in effect for the case. It is accordingly

**ORDERED** that the Defendants' motion to stay discovery and for a protective order (docket no. 46) is **GRANTED**. It is further

**ORDERED** that the Plaintiff's motions to compel (docket no.'s 49 and 51) are **DENIED** at this time. This shall not affect the duty of the Defendants, as well as the Plaintiff, to carry out full and complete disclosure as set out in the discovery plan in effect for this case. The parties are reminded that this obligation is a continuing one and that new information must be promptly disclosed as it becomes available.

So ORDERED and SIGNED this 9th day of March, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE