IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREGORY TENNYSON | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1206 |
| BRYCE HATTON, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS
OF THE DEFENDANT CLAYTON TAYLOR</u>

The Plaintiff Gregory Tennyson, a prisoner currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are the Smith County Sheriff's Department, Sheriff Larry Smith, and deputy sheriffs Bryce Hatton, Clayton Taylor, Kevin Landoff, and Joshua Young. This Order concerns the motion to dismiss filed by Officer Taylor.

**I. Background**

Tennyson asserts that on October 25, 2015, he was unlawfully stopped by Officer Taylor. Although Officer Taylor told Tennyson he had a warrant, Tennyson states he believed the warrant was false and that he was afraid because of previous altercations with Smith County law enforcement. He fled the scene, causing other law enforcement agencies to join in the chase.

Tennyson states that the pursuit ended at his father's house in Mineola. He claims officers approached his vehicle from the rear intending to break the glass so they could shoot him, and he

1

ducked forward in his seat. As he did so, Tennyson states that he hit the gas pedal, causing his truck to lunge forward into an empty police car. He explains that this impact knocked him unconscious.

According to Tennyson, several officers pulled his unconscious body from the wrecked car and handcuffed him behind his back. They determined that he was unconscious and carried him to Officer Taylor's car, where they dropped him head first. Tennyson states that the videotape of the incident shows unidentified officers yelling at him. One officer asked if he was alert, and another officer answered no.

Tennyson states the videotape shows an officer asking Hatton to use a taser. Hatton then uses his taser on Tennyson twice, even though Tennyson states that he was unconscious and unresponsive. When he was taken to the infirmary after his arrival at the Smith County Jail, he had blood running down his face and was suffering chest pains, pain in his head, and he could not work his jaw.

Hatton complained that Officer Taylor arrested him without cause and that all of the officers at the conclusion of the pursuit failed to intervene in the assault carried out by Officer Hatton. Taylor has filed a motion to dismiss the claims as to him.

## II. The Report of the Magistrate Judge

After setting out the pertinent legal standards, the Magistrate Judge stated that Tennyson was convicted of aggravated assault on a public servant as a result of the incident. The facts of the case, as set out by the Twelfth Judicial Court of Appeals, showed Officer Taylor stopped Tennyson for having an unreadable license plate and a white light emanating from the rear of his car. After learning there was a warrant for Tennyson's arrest, Officer Taylor asked Tennyson to step out of the car, but Tennyson drove away. At one point, Tennyson stopped his car, put it in reverse, and rammed Officer Taylor's patrol car while Taylor was trying to get out. This formed the basis for the aggravated assault charge for which Tennyson was ultimately convicted.

Tennyson's complaint states that "on October 25, 2015 the Defendant Clayton Taylor did conduct an unlawful stop and arrest without probable cause to the Plaintiff." He adds that "the actions of Defendant Clayton Taylor to arrest without a valid warrant or probable cause and also his illegal traffic stop without evidence of wrongdoing or justification amounts to the violation of the Plaintiff's constitutional amendment rights." Tennyson also alleged claims against Officer Taylor based on the Texas Tort Claims Act. The Magistrate Judge determined the allegation regarding the traffic was a classic example of "an unadorned, the-defendant-unlawfully-harmed-me accusation" and thus failed to state a claim upon which relief could be granted, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Magistrate Judge further concluded that Tennyson's state law claim failed to state a claim upon which relief may be granted because Tennyson sued the governmental unit and thus cannot maintain a claim against an individual employee of that unit.

Tennyson also raised a claim of bystander liability against Officer Taylor. The Magistrate Judge observed that bystander liability requires that the state actor (1) knows a fellow officer is violating an individual's constitutional rights, (2) has a reasonable opportunity to prevent the harm, and (3) chooses not to act. *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). The Magistrate Judge determined that Tennyson's pleadings, which alleged that several officers dragged him from his car, saw that he was unresponsive, dropped him head first, and stood by while Officer Hatton tased him twice, were sufficient to survive a motion to dismiss. The Magistrate Judge also concluded Tennyson's state law claims failed to state a claim upon which relief could be granted. Thus, the Magistrate Judge recommended that Taylor's motion to dismiss be denied as to the bystander liability claim and granted as to Tennyson's claims concerning the initial stop and the state law claims.

**III. The Parties' Objections**

In his objections, Officer Taylor contends Tennyson's pleadings fail to identify that Taylor was at the scene of the alleged assault by Hatton or any facts showing Taylor could have prevented

the alleged assault. He argues that at officer's mere presence at the scene of an alleged use of excessive force, without more, does not give rise to bystander liability, citing *Robinson v. City of Garland, Texas*, No. 3:10-CV-2496-M, 2015 WL 9591443 (N.D. Tex. Nov. 23, 2015), *Report adopted* 2015 WL 9593623 (N.D. Tex. Dec. 31, 2015). Officer Taylor also argues Tennyson's pleadings are conclusory and fail to meet the heightened pleading requirements. Officer Taylor contends that Tennyson only alleged an Eighth Amendment claim in his pleadings, but the Magistrate Judge improperly inferred a Fourth Amendment claim. Finally, Officer Taylor states that the Magistrate Judge did not rule on the propriety of Tennyson's claims for injunctive relief as applied to him.

Tennyson also filed objections to the Report as well as a response to Officer Taylor's objections. In his objections, Tennyson states that he has repeatedly tried to offer proof about the traffic stop being unlawful, but he has been denied the right to present evidence and has not been appointed counsel. In his response to Taylor's objections, he states that he agrees with the Magistrate Judge's Report concerning Taylor's motion to dismiss based on qualified immunity.

**IV. Discussion**

Neither party objected to the Magistrate Judge's conclusions that Tennyson's pleadings concerning the traffic stop and the state law claims failed to state a claim upon which relief may be granted. Although Tennyson complains he has not been allowed to offer evidence, the motion to dismiss stage is not an evidentiary stage of the proceeding. As the Magistrate Judge correctly explained, motions to dismiss "are generally evaluated on the pleadings alone and challenge a complaint's legal sufficiency, in contrast to postdiscovery motions for summary judgment which evaluate whether a genuine issue of material fact remains after considering both sides' proffered evidence. *Rader v. Cowart*, 543 F.App'x 358 (5th Cir., October 4, 2013); *see also St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)." Tennyson's pleadings, even taken as true, did not set out viable claims concerning the initial traffic stop or any claims under state law, and his objections in this regard are without merit.

4

The Magistrate Judge also concluded that Tennyson's pleadings concerning the bystander liability claim were sufficient to survive a motion to dismiss. Officer Taylor objected, contending these pleadings are conclusory and fail to show that Taylor was at the scene or had a reasonable opportunity to intervene. Officer Taylor cites *Robinson v. City of Garland* in his objections, stating that according to that case, an officer must have had a reasonable opportunity to realize the excessive nature of the force and a realistic opportunity to stop it in order for the duty to intervene arise.

Tennyson's pleadings indicate that Officer Taylor was part of the pursuit and state that after he was rendered unconscious, he was carried to Taylor's car, where he was dropped on his head. He asserts that the videotape of the incident shows that one officer at the scene asked if he was alert and another officer said no. An unidentified officer asked Hatton to use a taser on Tennyson and Hatton did so twice.

These allegations are sufficient to survive a motion to dismiss under the standards set out in *Robinson*. Tennyson's pleadings, taken as true, indicate that the officers on the scene were aware that he was unresponsive and that another officer asked Hatton to tase him despite this, which Hatton did. The incident lasted long enough for the officers to remove Tennyson from his car, handcuff him, carry him to Taylor's car, and drop him, followed by one officer answering "no" to the question of whether Tennyson was alert. Officer Hatton then tased him twice. Whether or not Tennyson's claims can survive a motion for summary judgment is a matter which may be considered in the future, but his pleadings are legally sufficient to survive a motion to dismiss. *Rader*, 543 F.App'x 358 at *361; *see also Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (motions to dismiss are viewed with disfavor and rarely granted); *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018) (*pro se* complaints receive liberal construction). The parties' objections to the Magistrate Judge's Report are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the parties objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the parties' objections are without merit. It is accordingly

**ORDERED** that the parties' objections are overruled and the Report of the Magistrate Judge (docket no. 100) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendant Clayton Taylor's motion to dismiss (docket no. 76) is **GRANTED** with respect to the Plaintiff's claims concerning the initial stop and the Plaintiff's state law claims. These claims are **DISMISSED WITH PREJUDICE**. Any claims by Tennyson for injunctive relief which Officer Taylor lacks the power to provide, including arranging for Tennyson to be seen by a physician, arranging for psychological treatment, and carrying out the treatment ordered by these practitioners, are also **DISMISSED WITH PREJUDICE** as to Officer Taylor. It is further

**ORDERED** that the motion to dismiss is **DENIED** with respect to the Plaintiff's claims concerning bystander liability during the incident which occurred after the pursuit ended and Tennyson was removed from his car. Finally, it is

**ORDERED** that Officer Taylor's first motion to dismiss (docket no. 38) is **DENIED AS MOOT** in light of this order.

So **ORDERED** and **SIGNED** this **19** day of **August, 2018.**

_____
Ron Clark, Senior District Judge