IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREGORY TENNYSON | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1206 |
| BRYCE HATTON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
GRANTING THE MOTION TO DISMISS
OF THE DEFENDANTS LARRY SMITH AND SMITH COUNTY, TEXAS

The Plaintiff Gregory Tennyson, a prisoner currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are the Smith County Sheriff's Department, Sheriff Larry Smith, and deputy sheriffs Bryce Hatton, Clayton Taylor, Kevin Landoff, and Joshua Young. This Order concerns the motion to dismiss filed by the Smith County Sheriff's Department and Sheriff Larry Smith.

**I. Background**

Tennyson asserts that on October 25, 2015, he was unlawfully stopped by Officer Taylor. Although Officer Taylor told Tennyson he had a warrant, Tennyson states he believed the warrant was false and that he was afraid because of previous altercations with Smith County law enforcement. He fled the scene, causing other law enforcement agencies to join in the chase.

Tennyson states that the pursuit ended at his father's house in Mineola. He claims officers approached his vehicle from the rear intending to break the glass so they could shoot him, and he

1

ducked forward in his seat. As he did so, Tennyson states that he hit the gas pedal, causing his truck to lunge forward into an empty police car. He explains that this impact knocked him unconscious.

According to Tennyson, several officers pulled his unconscious body from the wrecked car and handcuffed him behind his back. They determined that he was unconscious and carried him to Officer Taylor's car, where they dropped him head first. Tennyson states that the videotape of the incident shows unidentified officers yelling at him. One officer asked if he was alert, and another officer answered no.

Tennyson states the videotape shows an officer asking Hatton to use a taser. Hatton then uses his taser on Tennyson twice, even though Tennyson states that he was unconscious and unresponsive. When he was taken to the infirmary after his arrival at the Smith County Jail, he had blood running down his face and was suffering chest pains, pain in his head, and he could not work his jaw. The nurse told him she could not do anything about that and refused to clean the wounds on his face. Tennyson contends that he was also refused treatment by the psychiatric department for nightmares and loss of memory from that night. He asserts that he filed grievances, but these were ignored.

After arguing that Officer Hatton's actions amounted to a violation of the Eighth Amendment as well as Texas tort law, Tennyson maintained that Sheriff Smith's failure to take disciplinary action or curb other patterns of physical abuse by Officer Hatton constituted deliberate indifference to Tennyson's safety as well as the safety of other arrestees. He complained that Sheriff Smith ignored all attempts at remedy and thus enforced a code of silence concerning staff misconduct by failing to conduct a proper investigation.

Tennyson further asserted that the refusal by Sheriff Smith and the Smith County Sheriff's Department to provide medical or mental health treatment amounted to deliberate indifference to his serious medical needs as well as negligence under Texas law. He asked for declaratory relief, an injunction directing that the Defendants provide him with medical and mental health care,

monetary damages, and the firing and prosecution of Officer Hatton. Sheriff Smith and the Smith County Sheriff's Department filed a motion to dismiss, to which Tennyson has filed a response.

**II. The Report of the Magistrate Judge**

After setting out the pertinent legal standards, the Magistrate Judge determined that the Smith County Sheriff's Department is a sub-unit of Smith County and has no separate legal existence, and thus cannot be sued in its own name. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Even were the lawsuit against the Sheriff's Department construed as one against Smith County itself, the Magistrate Judge stated that Tennyson failed to allege, much less show, that any official customs or policies of Smith County were the moving force behind a constitutional deprivation. Instead, the Magistrate Judge concluded that Tennyson's allegations regarding county liability were "wholly conclusory and insufficient," and so to the extent Tennyson's pleadings may be construed as a claim against Smith County, the Magistrate Judge stated that these pleadings failed to state a claim upon which relief may be granted.

With regard to the claims against Sheriff Smith, the Magistrate Judge stated the fact Tennyson's grievances were not answered to his satisfaction and that Sheriff Smith did not take the disciplinary action which Tennyson believed appropriate did not set out a constitutional claim. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). The Magistrate Judge also stated that Tennyson offered nothing to support his contention of a "code of silence" beyond his own conjecture.

Similarly, the Magistrate Judge observed that Tennyson alleged no personal involvement by Sheriff Smith with any alleged denial of medical or mental health care. Instead, Tennyson argued that Sheriff Smith was liable based on his position as Sheriff. The Magistrate Judge stated that this was a claim of responsibility under the doctrine of *respondeat superior*, which is generally inapplicable in §1983 lawsuits. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

After concluding that Sheriff Smith was entitled to qualified immunity against claims against him for damages in his individual capacity, the Magistrate Judge stated that Tennyson did not set

out a claim against Sheriff Smith in his official capacity because Tennyson did not show a custom or policy of Smith County for which a municipal policymaker can be charged with actual or constructive knowledge, which custom or policy was the moving force behind a constitutional deprivation. *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009); *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

The Magistrate Judge went on to state that Tennyson failed to show that Sheriff Smith, as the municipality's final decision-maker, in a single action directly and intentionally deprived him of a federal constitutional right. *See Coggin v. Longview Independent School District*, 289 F.3d 326, 333 (5th Cir. 2002). Finally, the Magistrate Judge determined that because Tennyson failed to set out any constitutional claims against Sheriff Smith or the Smith County Sheriff's Department, the Court should decline to exercise supplemental jurisdiction over his state law claims.

Tennyson received a copy of the Magistrate Judge's Report on July 16, 2018. He sought an extension of time until August 24, 2018, in which to file objections, which was granted. Although Tennyson has filed objections to another Report of the Magistrate Judge which he also received on July 16, 2018, he did not file any objections to the present Report; accordingly, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 99) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the motion to dismiss filed by the Defendants Sheriff Larry Smith and the Smith County Sheriff's Department (docket no. 78) is **GRANTED** and the federal claims against these defendants are **DISMISSED WITH PREJUDICE**. The Defendants Sheriff Larry Smith and the Smith County Sheriff's Department are **DISMISSED** as parties to this lawsuit. The dismissal of these claims and parties shall have no effect upon the remaining claims and parties in this lawsuit. It is further

**ORDERED** that the Plaintiff's state law claims against these Defendants are **DISMISSED WITHOUT PREJUDICE** to the Plaintiff's right to proceed on these claims in state court, with the statute of limitations suspended on these claims for thirty (30) days following the date of entry of final judgment in this case. 28 U.S.C. §1367(d). Finally, it is

**ORDERED** that the earlier motion to dismiss filed by Sheriff Larry Smith and the Smith County Sheriff's Department (docket no. 37) is **DENIED** as moot.

So **ORDERED** and **SIGNED** September 5, 2018.

_____
Ron Clark, Senior District Judge