IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREGORY DEWAYNE TENNYSON | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1206 |
| BRYCE HATTON, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ORDER OF ADMINISTRATIVE CLOSURE

The Plaintiff Gregory Tennyson filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On November 2, 2018, the Magistrate Judge issued a Report recommending that the case be administratively closed pending resolution of Tennyson's three interlocutory appeals. *See. e.g., Echolds v. Gardiner*, Civil Action No. 4:11cv882, 2014 WL 199795 (S.D. Tex. Jan. 17, 2014) (staying and administratively closing case pending interlocutory appeal); *cf. Johnson v. State of Texas*, 878 F.2d 904 (5th Cir. 1989) (approving administrative closing of lawsuit pending exhaustion of habeas corpus remedies); *Lewis v. Beddingfield*, 20 F.3d 123 (5th Cir. 1994) (approving administrative closing of case where the subject matters overlaps pending criminal actions).

Since that time, Tennyson has filed three more interlocutory appeals, which in total comprise docket no.'s 132, 134, 140, 143, 145, and 146. Neither Tennyson nor the Defendants filed objections to the Report recommending administrative closure of the case; accordingly, the parties are barred from *de novo* review by the District Judge of those findings, conclusions, and

recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the docket in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the Report of the Magistrate Judge recommending administrative closure pending the resolution of the pending interlocutory appeals (docket no. 138) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **ADMINISTRATIVELY CLOSED** for administrative and statistical purposes until such time as the Plaintiff's interlocutory appeals have been resolved. The administrative and statistical closing of the lawsuit shall not prejudice the rights of Plaintiff or the Defendants to proceed with this cause at such time further proceedings are practicable. It is further

**ORDERED** that while the case is administratively closed, the Plaintiff Gregory Tennyson is limited to filing only (1) a motion to reopen, (2) a motion to dismiss some or all of the defendants, (3) a notice of change of address, or (4) any other motion which is directly related to one or more of the appeals. The Defendants are limited to filing a motion to reopen or any other motion which is directly related to one or more of the appeals. Tennyson may continue to make payments on the district or appellate court filing fees. Should he hire a lawyer, the lawyer may file a notice of appearance. It is further

**ORDERED** that the Plaintiff Gregory Tennyson is responsible for requesting that the lawsuit be reopened when all of his interlocutory appeals are resolved and he is ready to proceed. During the time the case is administratively closed, he shall contact the Court every 90 days, either electronically or by mail, providing a status report on his interlocutory appeals. Failure to do so may result in the dismissal of his lawsuit for failure to prosecute or to obey an order of the Court. Finally, it is

**ORDERED** that any other motions which may be pending in the case, including docket no.'s 60, 77, 83, 93, 116, 118, 126, 128, 135, 136, 139, and 144, are **DENIED** at this time, subject to re-urging upon the reopening of the case.

So **ORDERED** and **SIGNED** December 11, 2018.

_____

Ron Clark, Senior District Judge