UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:16-cv-01206

**Gregory Dewayne Tennyson,**
*Plaintiff,*

v.

**Bryce Hatton et al.,**
*Defendants.*

Before BARKER, *District Judge*

## ORDER

On this day, the court considered the findings of fact and recommendation of United States Magistrate Judge K. Nicole Mitchell regarding the second motion to dismiss filed by defendants Joshua Young and Kevin Landoff in plaintiff's lawsuit complaining of an alleged use of force during an arrest.

Having conducted a proceeding in the form and manner prescribed by 28 U.S.C. §636(b)(1) and (3), the magistrate judge recommended that the second motion to dismiss be granted because plaintiff's claims against Young and Landoff are barred by the statute of limitations. Doc. 159. Plaintiff filed objections to the report asserting in a conclusory manner that he was denied access to all the information needed to file his complaint and that the defendants themselves somehow interfered with his efforts to file suit. Doc. 163. Plaintiff's objections do not specifically identify any of the magistrate judge's findings or conclusions as being erroneous, and do not state a basis to reject the recommendation. *Id*.

The events in question in this case took place on October 25, 2015. But despite identifying Young and Landoff in his original complaint, plaintiff did not name them as defendants until an amendment made on February 23, 2018. In this case, the two-year statute of limitations began to run when plaintiff

knew or had reason to know of the injury forming the basis of the suit. *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989). That two-year limitations period expired some four months before the amendment that named Young and Landoff.

An amendment may relate back to the date of the original complaint when the newly added party received notice of the suit sufficient to prevent prejudice in defending the merits and the newly added party knew or should have known that the action would have been brought against it but for a mistake concerning the party's identity. *Crostley v. Lamar Cty., Texas*, 717 F.3d 410, 421 (5th Cir. 2013). Plaintiff does not argue, and cannot show, that there was any mistake as to Young and Landoff's identities, as he identified them both in his original complaint. Finally, plaintiff has not identified any extraordinary circumstance that would justify an equitable tolling of the statute of limitations. *See id.*

Upon de novo review of the report and plaintiff's objections, the court finds the objections to be without merit and therefore **overrules** the objections. The findings of fact and recommendation of the magistrate judge (Doc. 159) are hereby **adopted** as the opinion of the court. It is therefore **ordered** that defendants Joshua Young and Kevin Landoff's second motion to dismiss (Doc. 156) is **granted** and the claims against these defendants are **dismissed with prejudice** as barred by the statute of limitations.

*So ordered by the court on May 20, 2020.*

J. CAMPBELL BARKER
United States District Judge